Wright et al., v. Davidson.

Thomas C. Wright et al.

vs.

William F. Davidson, Surviving Partner, &c.

D. and K., being engaged in the business of buying and selling beef, pork and cattle, the former furnishing the capital and the latter the labor necessary to carry it on, and each participating in and receiving a share of the profits *as profits*, are in law partners in such business, at least as to third

persons. It appearing that the plaintiffs purchased the property—for the price of which suit is brought—for D. and K., and that D. received at least a part of it, and that they had previously been engaged in such business as partners. *Held*, that this made, at least a *prima facie* case, against him as partner of K.

This action was commenced in the District Court for Nicollet county, against the defendant Davidson as surviving partner of Charles L. Ketchum, to recover a debt due from the firm of Davidson & Ketchum. Issue was joined by a general denial, and the cause tried before a jury. The defendant introduced no evidence; admitted on the trial that all the evidence introduced by plaintiff was true, and relied upon a failure of proof to establish the partnership. The Court directed the jury to find a verdict for the plaintiffs, and the defendant excepted. The jury found as directed, and judgment was entered; the defendant appeals therefrom to this Court. The facts established by the evidence appear in the opinion of the Court.

ALLIS, GILFILLAN & WILLIAMS for Appellant.

E. ST. JULIEN Cox for Respondents.

*By the Court*—WILSON, Ch. J.—The evidence shows that the defendant and Ketchum, deceased, were engaged in the business of purchasing and selling beef, pork and cattle, the former furnishing the capital and the latter the labor, skill and care necessary to carry it on, and each participating in and receiving a share of the profits *as profits*. This made them partners, at least as to third persons. *Denny et al. vs. Cabot et al.* 6 *Met.*, 82; *Dob vs. Halsey*, 16 *Johns.*, 34; *Parsons on Part.*, 54; *Collyer on Part.*, sec. 204 and note; *Story on Part.*, secs. 32, 33, 34, 35; 3 *Kent's Com.*, 33–34 and note;

*Ex parte Hamper*, 17 *Ves.*, 412; *Ex parte, Langdale*, 18 *Ves.*, 300.

I think also the evidence shows that the partnership extended to this very transaction. One of the plaintiffs testified that he purchased the cattle for Ketchum and Davidson, and the other that forty-three head were slaughtered for them, and another witness testified that Davidson received a part, at least, of the property purchased by the plaintiffs. This made a *prima facie* case in favor of the plaintiffs, and the defendant having offered no evidence explaining or disproving his apparent liability, and the truth of all the evidence offered by the plaintiff being expressly admitted, the Court was justified in instructing the jury to find a verdict for the plaintiffs.

Judgment affirmed.